

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Gean B. Turner
District Attorney
Cleburne, Texas

Dear Sir:

Opinion No. O-2026
Re: Does the commissioners' court
have the power to allow the
district attorney of Johnson
County a clerk?

Your request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"I received opinion number O-1874 from
you in regard to a county attorney employing
a clerk or helper and since I am the District
Attorney of Johnson County, which has thirty
three thousand inhabitants, I want an opinion
in regard to my having a clerk or helper paid
by the County. It is my opinion that I as
District Attorney would have the same privi-
lege as is given the County Attorney in Arti-
cle 3902 Vernon's Civil Annotated Statutes.

"The necessity does exist and there is
need for a clerk or helper in my office located
in Cleburne, Texas and the Commissioners Court
of Johnson County does not object to my having
such assistance but of course wants to know if
it is within their legal province to permit
such help for me.

"It is my belief that the law gives me
the privilege of having such assistance and I
will appreciate your opinion stating whether
or not I do have such under Article 3902 as
above stated."

Johnson County has a population of thirty-three thousand, three hundred and seventeen (33,317) inhabitants, according to the last Federal Census.

Article 3902, Vernon's Civil Annotated Statutes reads in part as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probably receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probably disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

".......

"2. In counties having a population of twenty-five thousand and one (25,001) and not

more than thirty-seven thousand, five hundred (37,500) inhabitants, first assistant or chief deputy not to exceed Two Thousand Dollars ($2,000) per annum; other assistants, deputies, or clerks not to exceed Seventeen Hundred Dollars ($1700) per annum each. Provided, however, that in all counties containing a population of not less than thirty thousand (30,000) nor more than thirty-seven thousand, five hundred (37,500), according to the last preceding Federal Census, and having a valuation in excess of Eighty-five Million Dollars ($85,000,000), and in all counties having an assessed valuation of not less than Twenty-seven Million, Five Hundred Thousand Dollars ($27,500,000) nor more than Twenty-seven Million, Seven Hundred Thousand Dollars ($27,700,000), according to the last approved tax roll, and containing a population of not less than fifty-three thousand, nine hundred (53,900) nor more than fifty-four thousand (54,000), according to the last preceding Federal Census, four (4) deputies in the Tax Collector and Assessor's office may receive not to exceed Twenty-four Hundred Dollars ($2400) per annum each, the remainder of the deputies in said office shall receive not exceeding Seventeen Hundred Dollars ($1700) per annum each."

The question arises whether or not the District Attorney is a state officer or a district officer within the meaning of Article 3902, supra. We quote from Corpus Juris, Vol. 18, page 1297 as follows:

"Whether prosecuting attorneys are state officers or county officers would seem to depend upon their classification in the constitutions and statutes of the various states. Under some statutes and constitutions they are held to be state officers notwithstanding their duties are confined to the districts for which they are elected or appointed and their compensation is paid by the county, while under others they are regarded as county officers. In some jurisdictions they are neither state nor county officers, but circuit or district officers."

In an opinion written by Hon. Ruel C. Walker, September 27, 1934, addressed to Hon. H. L. Washburn, County Auditor, Houston, Texas, this department held that a district attorney was a district officer rather than a county or state officer.

We quote from this opinion as follows:

"The rule is settled in this State that the office of district judge is a district office and not a county or precinct office within the meaning of the election laws of this State, and this regardless of the territorial extent of the district involved. Hamilton vs. Munroe, 287 SW 304 (Civ. App.), 287 SW 306 (Sup. Ct.); Bounds vs. McCallum, 52 SW 2d 1047 (Comm. of App.). With regard to his position as a county, district or state officer, the district attorney is in a position very similar to that of the district judge; and it is submitted that the authorities just cited will support the proposition that the district attorney is a district rather than a county or state officer."

In view of the foregoing, you are respectfully advised that it is the opinion of this department that the commissioners' court has the legal authority and power to allow the district attorney of Johnson County to employ a clerk in compliance with Article 3902, supra.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  Ardell Williams

Ardell Williams
Assistant

AW:AW   APPROVED JUL 24, 1940

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE